JS 44 CAND (Rev. 12/11)

# CIVIL COVER SHEET

Ⓐ 370

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
NORTHCLIFFE MEDIA LIMITED

## DEFENDANTS
JOHN DOE

(b) County of Residence of First Listed Plaintiff **United Kingdom**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys (Firm Name, Address, and Telephone Number)
Lynda J. Zadra-Symes (SBN 156,511)
J. David Evered (SBN 215,974)
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor, Irvine, CA 92614
Tel: (949)760-0404  Fax: (949)760-9502

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [X] 3 | [X] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | PROPERTY RIGHTS | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / PERSONAL PROPERTY | LABOR | SOCIAL SECURITY | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [X] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 810 Selective Service |
| [ ] 195 Contract Product Liability |  | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 850 Securities/Commodities/Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Med. Malpractice / [ ] 385 Property Damage Product Liability | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | [ ] 791 Empl. Ret. Inc. Security Act |  | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / [ ] 510 Motions to Vacate Sentence |  | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / Habeas Corpus: |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 530 General |  |  | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 535 Death Penalty | IMMIGRATION | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 540 Mandamus & other | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee (Prisoner Petition) |  |  |
|  | [ ] 446 Amer. w/Disabilities - Other / [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 448 Education / [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**18 U.S.C. § 1030 Computer Fraud & Abuse Act**

Brief description of cause:
**Defendant intentionally accessed plaintiff's computer without authorization**

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ **0.00**
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____ DOCKET NUMBER _____

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(Place an "X" in One Box Only)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE
- [ ] EUREKA

DATE **July 6, 2012**   SIGNATURE OF ATTORNEY OF RECORD *Lynda J. Zadra-Symes*
Lynda J. Zadra-Symes

NDC-JS44

FAXED

C12-3536 MEJ

Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
J. David Evered (SBN 215,974)
David.evered@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
NORTHCLIFFE MEDIA LIMITED

**FILED**
JUL 6 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 12 3536 MEJ

| | |
|---|---|
| NORTHCLIFFE MEDIA LIMITED, a Private Limited Company of England and Wales, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, an unknown individual or entity, <br><br> Defendant. | Civil Action No. <br><br> **COMPLAINT FOR COMPUTER FRAUD AND ABUSE; COMPUTER DATA ACCESS AND FRAUD, AND DEFAMATION/LIBEL *PER SE*;** <br><br> **DEMAND FOR JURY TRIAL** |

FAXED

Complaint for Breach Of Confidence

Plaintiff Northcliffe Media Limited (hereinafter "Northcliffe" or "Plaintiff") hereby alleges as follows against Defendant John Doe (hereinafter "Defendant") based upon actual knowledge with respect to Plaintiff and Plaintiff's acts, and upon information and belief as to all other matters.

## I. PARTIES

1. Plaintiff is a private limited company organized and existing under the laws of England and Wales, with a principal place of business at Northcliffe House, 2 Derry Street, London W8 5TT, United Kingdom.

2. On information and belief, Defendant is an unnamed person or persons otherwise responsible for the creation and maintenance of certain Twitter accounts used for the activities described below.

## II. JURISDICTION AND VENUE

3. This action arises under federal and California state law.

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 over claims arising under 18 U.S.C. § 1030.

5. This Court has diversity jurisdiction under 28 U.S.C. § 1332 over the California state law claims as the amount in controversy exceeds $75,000, and Plaintiff is a citizen of a foreign state.

6. This Court has personal jurisdiction over Defendant by virtue of his extensive, systematic and continuous contacts with California and further by virtue of his specific contacts with California relating to the acts alleged herein. On information and belief, Defendant has among other things intentionally directed communications to electronic communications servers located in the Northern District of California, such as Twitter's servers.

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(a).

## III. GENERAL ALLEGATIONS

8. Plaintiff is one of the leading local multimedia businesses in the United Kingdom. Its 113 regional newspapers provide access to 5.8 million

- 1 -

adults every week, and together with its portfolio of more than 180 local and hyperlocal websites, it reaches an audience of 7.4 million adults.

9. Defendant is the creator and/or maintainer of at least three particular accounts used for the activities described herein on the website Twitter.com. Defendant posted numerous false and defamatory statements on those Twitter accounts about Plaintiff and Plaintiff's employees. Defendant, through these postings, further disclosed information obtained by unlawful means, and further used the postings to deliberately and maliciously harass Plaintiff's Chief Executive Officer and other employees of Plaintiff.

10. At least some of the information made public on Twitter by the Defendant was not known publicly, and on information and belief, the only way that such information could be obtained was by hacking into an email account at Plaintiff's business.

11. Defendant's posts on Twitter also made specific, false attacks on the character of Plaintiff's employees. Defendant's posts on Twitter also falsely impersonate Plaintiff's employees and publicly disseminate detailed and highly sensitive information about those employees' personal lives.

12. Defendant has used the name and/or image of Plaintiff's CEO, to impersonate Plaintiff and in connection with the false and defamatory statements as described above.

13. Plaintiff has been injured, through at least injury to its reputation, goodwill, and the functioning of its business. Furthermore, Defendant's posts on Twitter have caused Plaintiff's employees to fear for their safety, due to the Defendant's posting of information apparently obtained from surveillance of Plaintiff's employees.

/ / /

/ / /

/ / /

## IV. FIRST CAUSE OF ACTION
## COMPUTER FRAUD AND ABUSE ACT

14. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 13.

15. Defendant has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, by intentionally accessing a computer used for interstate commerce or communication, without authorization and by exceeding authorized access to such a computer and by obtaining information from such a protected computer, and so causing significant damage to Plaintiff.

16. Defendant has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, by intentionally accessing a protected computer beyond the scope of the authorization granted, causing damage to Plaintiff, recklessly or without due regard for Defendant's actions.

17. The computer system or systems that Defendant accessed as described above constitute a "protected computer" within the meaning of 18 U.S.C. § 1030.

18. Plaintiff has been harmed by these violations, and its harm includes, without limitation, harm to Plaintiff's data, programs, and computer systems and impairment of the integrity and availability of data, programs, systems, or information. Plaintiff has further suffered damage and loss through the cost of responding to the offenses, including conducting damage assessments and restoring data, programs, systems, and or information to its condition prior to the offenses. These, as well as other losses and damages in an amount to be determined at trial, amount to over $5,000 aggregated over a one-year period.

19. Defendant's unlawful access to, and misappropriations from, Plaintiff's computers also have caused Plaintiff irreparable injury. Unless restrained and enjoined, Defendont will continue to commit such acts. Damages

- 3 -

are not adequate to compensate Plaintiff for these actual and threatened injuries; Plaintiff is therefore entitled to injunctive relief as provided by 18 U.S.C. § 1030 (g).

## V. SECOND CAUSE OF ACTION
## CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD

20. Plaintiff re-alleges and incorporates by reference herein paragraphs 1-19 of the Complaint.

21. Defendant has used Plaintiff's data, computer, computer system, peripherals, and computer network in order to devise and execute a scheme or artifice to defraud and deceive.

22. Defendant has used Plaintiff's computers, computer systems, peripherals, computer networks, and data stored therein, in order to wrongfully obtain and control data and other information of monetary value.

23. Defendant has knowingly and without permission taken, copied, and made use of data from Plaintiff's computers, computer systems, peripherals, and computer networks.

24. Defendant has knowingly and without permission used or caused to be used Plaintiff's computer services.

25. Defendant has knowingly and without permission accessed or caused to be accessed Plaintiff's computers, computer systems, peripherals, and computer networks.

26. Defendant acted with oppression, fraud, and malice, warranting an award of punitive damages in addition to the actual damages suffered by Plaintiff.

27. Defendant's unauthorized access and use has damaged and caused loss to Plaintiff.

///

- 4 -

28. Defendant's conduct also caused irreparable and incalculable harm and injuries to Plaintiff and, unless enjoined, will cause further irreparable and incalculable injury, for which Plaintiff has no adequate remedy at law.

29. Defendant's actions constitute violations of California Penal Code section 502(c).

## VI. THIRD CAUSE OF ACTION
## DEFAMATION/LIBEL *PER SE*

30. Plaintiff re-alleges and incorporates by reference herein paragraphs 1-29 of the Complaint.

31. Defendant intentionally published or caused to be published to third parties false information regarding Plaintiff and/or its employees, through postings on Twitter.

32. This false information constitutes libel *per se* because the false and disparaging statements directly tend to injure Plaintiff and/or its employee's with respect to Plaintiff's business and/or have a natural tendency to harm Plaintiff's business reputation. Furthermore, this false information defames Plaintiff on its face, that is, without the need for extrinsic evidence to explain the statement's defamatory nature.

33. Plaintiff is informed and believes, and on that basis alleges, that Defendant published or caused to be published this false information about Plaintiff with knowledge of its falsity or with a reckless disregard of its truth or falsity.

34. Plaintiff is informed and believes, and on that basis alleges, that Defendant published this information with the intent to harm Plaintiff's interests or with knowledge that harm to Plaintiff's interests inevitably would result.

35. By virtue of the previously described acts, Defendant has caused damage and irreparable injury to Plaintiff in an amount to be determined at trial.

///

36. Specifically, as a direct and proximate result of Defendant's publication of false and disparaging information about Plaintiff and its employees, Plaintiff has suffered loss of reputation, loss of goodwill, and has been hurt in its business, all to its general damage.

37. As further direct and proximate result of Defendant's publication of false and disparaging information about Plaintiff and its employees, Plaintiff has suffered special damages, at least including having to expend time and money to correct the misrepresentations made by Defendant.

38. These acts will result in further damage and irreparable injury if Defendant is not restrained from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

39. Plaintiff is informed and believes, and on that basis alleges, that Defendant made the above-described publications with malice, oppression, and fraud in that Defendant intended or knew that its conduct would vex, annoy, and injure Plaintiff. Accordingly, Plaintiff is entitled to exemplary or punitive damages pursuant to California Civil Code § 3294.

## VII. **FOURTH CAUSE OF ACTION**
## **ONLINE IMPERSONATION**

40. Plaintiff re-alleges and incorporates by reference herein paragraphs 1-39 of the Complaint.

41. Defendant violated California Penal Code section 528.5 by knowingly and without consent credibly impersonating Plaintiff's employees through or on an Internet Web site for purposes of harming, intimidating, threatening, and defrauding Plaintiff.

42. Plaintiff has suffered damage and loss due to Defendant's impersonation.

43. Specifically, Plaintiff has suffered loss of reputation, loss of goodwill, and has been hurt in its business due to Defendant's impersonation.

- 6 -

44. Defendant has also intimidated and harassed Plaintiff and/or its employees by releasing personal information online about the Plaintiff's employees apparently obtained through surveillance of Plaintiff's employees.

45. Defendant's conduct also caused irreparable and incalculable harm and injuries to Plaintiff and, unless enjoined, will cause further irreparable and incalculable injury, for which Plaintiff has no adequate remedy at law.

46. Defendant's actions constitute violations of California Penal Code section 528.5(c).

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Northcliffe prays for judgment as follows:

A. An order that Defendant account to Plaintiff for any and all revenues or other benefits derived by him as a consequence of the acts complained of herein and disgorge to Plaintiff any and all such revenues or benefits;

B. An order that Defendant compensate Plaintiff for any and all damages sustained by Plaintiff as a consequence of the acts complained of herein;

C. An order that Defendant provide restitution to Plaintiff for any and all expenditures made by Plaintiff as a consequence of the acts complained of herein;

D. An order awarding Plaintiff any and all other specific, general, and compensatory damages according to proof;

E. An order that Defendant, his agents, servants, employees, attorneys, successors, and assigns, and those persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, be preliminarily and permanently enjoined from:

    a. Publishing, broadcasting, disseminating or distributing false statements about Plaintiff and/or its employees;

     b. Publishing, broadcasting, disseminating or distributing confidential and/or personal information regarding Plaintiff and/or its employees.

     c. Impersonating Plaintiff and/or its employees in any way including through Twitter or on any Internet Web site;

     d. Accessing any of Plaintiff's computers, computers systems, or any electronic device.

F. An order awarding Plaintiff its reasonable costs, attorneys' fees, and expenses of this suit;

G. An order that the actions of Defendant were willful, intentional, and/or malicious and awarding Plaintiff punitive damages; and

H. That Plaintiff be awarded such other and further relief that the Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 6, 2012     By: /s/ Lynda J. Zadra-Symes

Lynda J. Zadra-Symes
J. David Evered

Attorneys for Plaintiff,
NORTHCLIFFE MEDIA LIMITED

- 8 -

## DEMAND FOR JURY TRIAL

Plaintiff Northcliffe Media Limited hereby demands a trial by jury as to all triable issues in this matter.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 6, 2012        By: /s/ Lynda J. Zadra-Symes
                               Lynda J. Zadra-Symes
                               J. David Evered

Attorneys for Plaintiff,
NORTHCLIFFE MEDIA LIMITED

13576088